At a Court of Oyer and Terminer held at this term, the prisoners were indicted and tried for the murder of Jesse Jones in the first degree. On the 25th of February preceding, the night on which the homicide was committed, there had been a serenade at a late hour on Third Street, in the City of Wilmington, after which the prisoners and the deceased were together in the house of James Cusick, one of the prisoners, which was near that of the deceased on Orange Street, when the deceased who was intoxicated, though not very drunk at the time, was ordered out of it by Cusick, to which the deceased replied that they ought not to impose on him more than any of the rest, and that there were not men enough in the house to put him out of it. Although a very stout and athletic man, he was then pushed out of it upon the pavement and into the street, after which the parties were all again met in the house, when O'Neal was heard to inquire "where is the knife," or to say "here is the knife." Soon after a fight was heard on the street between the houses of Cusick and the deceased, and when the witnesses of it arrived on the scene, the deceased was in a stooping position, with his body bent forward and his head against the stomach of Brady, who had hold of him, while O'Neal was behind him with his left hand upon his back and was seen with a knife glittering in his right, to stab him three times in the back part of his body as he stood behind him. Campbell also at the time was participating in the assault with them upon the deceased, whilst Cusick was standing on the pavement fifteen or *Page 59 
twenty feet from them. As they were leaving the deceased he exclaimed that he was stabbed, and taking a few tottering steps towards his door, fell heavily upon the pavement and spoke no more. He had in his right hand when the fight was terminated, a billet six inches long with a half-pound of lead in the head, covered with blood and which was found firmly grasped in his hand ten minutes after his death. There were four penetrating wounds inflicted with a sharp pointed weapon or instrument, found on examination of his body, one in the lower part of his back and three in his left thigh, of the depth of five inches, one of which had divided several branches of the internal artery of it, whilst several of the branches of the arteria profunda were also entirely severed by the one in the lower part of his back, which were proved to have been sufficient to produce his death in so short a time. The parties were all white men except the deceased, and had been drinking to excess during the night.
That they had been relieved in the consideration of the case to some extent, by the admission of the Attoreny General that it could not, under all the facts and circumstances proved, constitute on the part of any of the prisoners at the bar, the crime of murder in the first degree under the statute; and after defining express and implied malice and murder in the first and second degree, added that where the homicide or killing, as charged in the indictment is proved, the law presumes that it was committed with malice, until the contrary appears upon the proof produced on the trial, but it goes no further than to imply malice, and therefore the legal presumption goes no further in such a case, than that it is murder in the seccond degree under our statute. He next proceeded to define the crime of manslaughter and to distinguish it from murder in the second degree under the statute, and that it would be for them to determine, from the evidence before them, what provocation, if any, the deceased had given *Page 60 
the prisoners, or any of them, for the violent attack made and the mortal wounds inflicted upon him by them, or any of them, as detailed in the evidence. For the prisoner, Cusick, in order to remove the deceased from his house, had no right after ordering him to go out of it, as was proved on the occasion, to resort to any greater force than was actually necessary for the purpose of putting him out, and if the other prisoners were aiding and assisting him in the effort, they would have no other right or power than he had for that purpose, and therefore they would not be justified in using any force, or in making any assault upon him after be was removed from it; but if they did so, the killing under such circumstances, would be murder in the second degree under the statute, unless they were satisfied by the evidence that there was great provocation given to them by the deceased, in which case it would be but manslaughter at common law and in contemplation of the statute. Great provocation, however, must be proved in such a case, as the fatal wounds were inflicted with a deadly weapon. There was some proof before them that the deceased had a billet on the occasion, a formidable implement heavily loaded with lead in one end of it; and if there was proof to their satisfaction that he used or employed it in the fight against them, and thus gave the accused, or any of them, a provocation and an excuse for drawing and using in the combat a knife upon him, it would under such circumstances, constitute such a provocation and excuse, as would mitigate and reduce the crime to that of manslaughter. That, however, should be shown to their satisfaction, or it would be murder in the second degree in each and all of them who were at the time the mortal wounds were inflicted, involved and engaged in the fight and were aiding and assisting in it the party who inflicted them. For although the indictment alleges that O'Neal inflicted the wounds, and the other prisoners were his accomplices in the homicide, if the jury were satisfied that any one of them inflicted them, it was sufficient for the conviction of all who were aiding and assisting him in *Page 61 
the combat, because in contemplation of law it became the act of all and every one who were engaged and participating with him in the perpetration of the crime committed on the occasion. Any one or more of the prisoners may be convicted, and the others acquitted under it, according as the evidence may justify and warrant it in the judgment of the jury.
Verdict — O'Neal and Brady guilty of murder in the second degree, Campbell guilty of manslaughter, and Cusick not guilty.